GEORGE B. ROBERTS vs. HENRY LUCAS.

The terms of the treaty of 1864, between the United States and Great Britain as affecting the rights of the Puget Sound Agricultural Company, are discussed in the argument of this cause, but not considered by the Court.

Whether the right of the United States to demand possession accrued upon the ratification and proclamation of the treaty, or whether this right arises only after the amount that may be found due the Company shall have been ascertained by the Commissioners and paid, would be a question to be considered were the United States here asserting their rights; and whatever the law may be as between the United States and the Company, does not concern Lucas unless he is authorized to assert the rights of the government, or in some way connect his rights with the rights of the government.

Roberts had possession, and that is good against Lucas, unless he shows some better title, which does not appear in this case.

Error to Second Judicial District.

Opinion by WYCHE, Associate Justice.

The land in dispute is a part of the land belonging to the Puget Sound Agricultural Co., and in 1859 Roberts went into possession of the same as the lessee of the Company, and in 1866 had the same under fence and in cultivation, when Lucas entered into this enclosed land, took possession of the same, and appropriated it to his own use.

On the trial below, Lucas claimed that all rights of the Company and of Roberts had been terminated and extinguished by the treaty between the United States and Great Britain, ratified and proclaimed in 1864, and, the Court being of that opinion, gave the following instruction to the jury: "If you believe from the testimony that the plaintiff claims as lessee of the Puget Sound Agricultural Company, and that a treaty has been entered into between the United States and Great Britain as to the rights and property of said Company; and further, that said Company has accepted the terms of said treaty, then the law is for the defence."

Thereupon verdict and judgment were for the defendant; and the instruction of the Court and the judgment rendered having been duly excepted to, the same are now here for consideration.

We are of opinion the instruction is erroneous, and worked prejudice to the plaintiff's rights. It would be a serious objection to the instruction that it submitted the existence of the treaty and its terms to the belief of the jury. But apart

from this, the interpretation given to the treaty as affecting the rights of the parties here is believed to be erroneous. At what time treaties take effect — when sovereignty passes — whether in this case the right of the Puget Sound Agricultural Company to retain possession of their lands terminated with the proclamation of the treaty in 1864, or will continue until the amount that may be found due the Company by the Commissioners under the treaty shall be ascertained and paid the Company, are questions that have been elaborated in the argument of this cause; and whatever the law may be on these questions is a matter that does not concern Lucas. When the United States comes here asserting its rights under the treaty, and demanding possession of Roberts, it will be the duty of the Court then to determine the rights of the government and of the Company under treaty.

Lucas does not show that he has any authority to come here and assert the rights of the government under the treaty; and if Roberts is in possession at the sufferance and mercy of the government, it is not for Lucas to lift his hand to stay the gracious favors of the government. Roberts had possession, and that is a better title than Lucas shows in this Court. The judgment below is therefore reversed.

Hewitt, Chief Justice, dissented.